CHARLES A. MOORE v. CLOQUET LUMBER COMPANY and Another.[1]

October 31, 1902.

Nos. 13,091—(58).

**Trust—Evidence.**
> Upon examination of the evidence in this action, brought to enforce an alleged trust, it is *held* that all of the material findings of fact are well supported, and that such findings amply justify the conclusions of law.

Action in the district court for St. Louis county against defendants, Cloquet Lumber Company and Joseph H. Heininger, to enforce a trust under which plaintiff claimed to be entitled to an undivided one-sixth interest in certain land, and to compel the conveyance of such interest by defendant company to plaintiff. The case was tried before Cant, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Chester McKusick,* for appellant.

*Wm. B. Phelps,* for respondents.

COLLINS, J.

Concisely stated, the facts in this case, as found by the court, are that in March, 1892, defendant company, as owner of certain lands, authorized defendant Heininger to sell the same at the price, net to the company, of $14,000. Heininger agreed with this plaintiff to divide such amount as he might receive in excess of $14,000 with him, should the latter secure a purchaser. Plaintiff sold to one Frey for $20,000,—$5,000 in cash, and three notes, each for $5,000, maturing in six, nine, and twelve months, respectively, all secured by a mortgage upon the lands. There was no condition in the mortgage whereby either of said notes had priority or precedence. Four thousand dollars of the cash payment was retained by the company, and the balance was turned over to Heininger as part of his compensation. It appears that, with plaintiff's

[1] Reported in 91 N. W. 1104.

consent, Heininger paid half of it to the purchaser, Frey, and the other half, $500, was equally divided between plaintiff and himself in accordance with their agreement. The note maturing in nine months was at once indorsed and delivered by the corporation to Heininger in settlement of his claim and interest in the excess over and above the $14,000. It is undisputed that, as between Heininger and this plaintiff, the latter became the owner of the undivided half of this note, and also that this indorsement and delivery, and Heininger's subsequent and continued possession thereof, were with his knowledge and assent. No part of the $15,000 evidenced by these notes was paid, and upon the maturity of the last, and to avoid the bringing of two separate actions, Heininger duly indorsed and redelivered his note to the company; and the latter, with his knowledge and assent, brought an action, and thereupon obtained judgment against Frey for the full amount due upon the three notes, bearing all the expenses and costs of this action itself.

An execution was afterwards issued upon the judgment and returned unsatisfied. The company thereupon proceeded to foreclose the mortgage, under the power therein contained, claiming default in the entire amount due on the three notes; and pending this foreclosure, but before the sale, Heininger objected to a sale, as to the amount represented by his share of the judgment, and instructed the mortgagee's attorney that such part of the judgment as represented the amount of his note must remain as a valid judgment against Frey, unaffected by the foreclosure proceedings, to be held by him in preference to any interest in the lands which he might acquire through such proceedings. The defendant company was fully advised of this, and acquiesced in a compliance with the instruction to its attorney. At the foreclosure sale, and with a full knowledge of Heininger's position, the premises were purchased by the company for substantially the amount due upon two of the notes, with costs and expenses. The proper papers were duly executed and placed upon record, the time for redemption expired, no steps were taken to redeem, and thereupon the title

to the lands became vested, through the foreclosure proceedings, in defendant company. It now holds the title so acquired.

In March, 1900, an agreement was entered into between Heininger and Frey, the judgment debtor, with the knowledge and assent of this plaintiff, under which the former was to procure a satisfaction and discharge of the judgment, in full payment of which he was to receive from Frey the sum of $125. The company thereafter, at Heininger's request, and to enable him to carry out this agreement, executed and delivered to Frey a satisfaction and discharge of the judgment, and the latter paid to Heininger the sum agreed upon. Of this sum the plaintiff received one-half, less incidental expenses, and duly executed and delivered to Heininger an instrument wherein was recited the obtaining of the judgment; that plaintiff had an interest therein; that a settlement and compromise had been made, through which the sum of $125 had been received in full satisfaction thereof; and that in consideration of the payment of $55.50, the receipt being acknowledged, he fully ratified and confirmed the settlement, and cancelled and released his claim and interest in the judgment and the funds derived therefrom.

It was fully understood and agreed between the company and Heininger, from and after the foreclosure sale, that the latter was the sole owner of such part of the judgment as remained after crediting thereon the amount for which the premises sold at the foreclosure sale, less all costs and expenses. Heininger retained exclusive possession of the note, with the knowledge and assent of the plaintiff, from the time it was indorsed and delivered to him until he indorsed and delivered it to the company for the purpose above mentioned, and without consideration, except such as is to be inferred from the object of the indorsement and delivery, namely, that one action should be brought by the company, and two separate actions might be thus avoided. The company had no dealings or communications with plaintiff, and was not advised of his interest in the note or in the judgment, or in any of these transactions, until long after the expiration of the redemption period.

It would seem from this bare statement of the facts that the

judgment appealed from, which was in favor of the defendant, should be affirmed. The action itself was one to enforce a trust which, although existing, was kept concealed from the alleged trustee, and of which it absolutely had no knowledge. There are a number of reasons why the plaintiff should not be allowed to succeed in such an enterprise as in this action. The plaintiff never had possession of the note. Both the legal title and possession were in Heininger. The latter apparently and impliedly had the right to indorse and transfer it to the company, and to authorize the latter to obtain judgment upon it. He also had the apparent and implied right—and upon this the company could rely—to direct that the amount due upon his note should remain evidenced by the judgment, and not be considered in the foreclosure proceedings. To this extent the plaintiff, by his acts and silence, conferred upon Heininger full authority to deal with the note as his own, and to bind him by any of his acts concerning it.

We have difficulty in conceiving a case where a party claiming to be the beneficiary of a trust fund, evidenced by a note, could more completely authorize and empower proceedings to obtain a judgment for the amount; to thereafter permit foreclosure of a mortgage from which a sum might be realized, properly to be applied in part satisfaction of that judgment; and then, for his own benefit, to authorize and empower the satisfaction of the remainder of such judgment, and thus to conclude and estop himself,— than is the one now before us. The liability of defendant as a trustee cannot be predicated upon the neglect of the plaintiff to inform it of the true state of affairs. By reason of this neglect, it has acted to its own injury—First, by excluding all consideration of one of the notes; and the amount due thereon, when making the foreclosure sale; and, second, by discharging and satisfying the judgment at Heininger's solicitation, its real owner, the latter, and the plaintiff dividing, by mutual consent, the money received for such discharge and satisfaction.

We have carefully examined the evidence bearing upon the challenged findings of fact, and find all well sustained, and, further, that they amply justify the conclusions of law.

The appeal is without merit, and the judgment stands affirmed.